EAG:MSA
F.# 2010R00720/NY-NYE- 748Z

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

        - against -

CHARLES ECHEVARRIA,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - -X

<u>PLEA AGREEMENT</u>

14 CR 296 (WFK)

      Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States

Attorney's Office for the Eastern District of New York (the "Office") and CHARLES

ECHEVARRIA (the "defendant") agree to the following:

      1.    The defendant will plead guilty to a lesser-included offense of the

above-captioned indictment, charging a violation of 21 U.S.C. § 846. The count carries the

following statutory penalties:

      a.    Maximum term of imprisonment: 20 years
           (21 U.S.C. § 841(b)(1)(C)).

      b.    Minimum term of imprisonment: 0 years
           (21 U.S.C. § 841(b)(1)(C)).

      c.    Minimum supervised release term: 3 years, maximum supervised
           release term: life, to follow any term of imprisonment; if a condition
           of release is violated, the defendant may be sentenced to up to 2
           years without credit for pre-release imprisonment or time previously
           served on post-release supervision
           (18 U.S.C. § 3583(e); 21 U.S.C.  § 841(b)(1)(C)).

      d.    Maximum fine: $1,000,000
           (21 U.S.C. § 841(b)(1)(C)).



   e.  Restitution: N/A.

   f.  $100 special assessment
      (18 U.S.C. § 3013).

  2.  The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. The Office estimates the likely adjusted offense level under the Guidelines to be level 16, which is predicated on the following Guidelines calculation:

    Base Offense Level         16
    (§ 2D1.1(c)(12))

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 14 and a range of imprisonment of 15-21 months, assuming that the defendant falls within Criminal History Category I. The defendant agrees that he will not challenge the drug type and quantity set forth in the lab reports, and stipulates to the above Guidelines calculation.

  3.  The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an

error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

        4.    The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 21 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

        5.    The Office agrees that:

        a.    no further criminal charges will be brought against the defendant for distributing and possessing with intent to distribute heroin, and conspiring to commit the same, in New York between March 20, 2014 and March 31, 2014, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq.;

and, based upon information now known to the Office, it will

        b.    take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

        c.      make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 5(b) and 5(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to the provisions of paragraph 5(a)-(c).

6.      This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

7.      Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement supersedes all prior

promises, agreements or conditions between the parties.  To become effective, this agreement must be signed by all signatories listed below.

Dated:      Brooklyn, New York
             June 18, 2015

                    KELLY T. CURRIE
                    Acting United States Attorney
                    Eastern District of New York

By:                                  
                    Matthew S. Amatruda
                    Assistant United States Attorney

                    Approved by:

                    Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

Charles Echevarria
Defendant

Approved by:

Sammy Sanchez, Esq.
Counsel to Defendant